[Crim. No. 25896. Second Dist., Div. Four. Sept. 18, 1975.]

THE PEOPLE, Plaintiff and Respondent, v.
JOHNNY BLAIR, Defendant and Appellant.

**COUNSEL**

Joseph Shemaria, under appointment by the Court of Appeal, for Defendant and Appellant.

Evélle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, Russell Iungerich and John R. Gorey, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**KINGSLEY, Acting P. J.**—Defendant/appellant and codefendant Sherman were charged with murder of Tasha Lucas, in violation of section 187 of the Penal Code, and with assault on Portia Howard, with a deadly weapon, in violation of subdivision (a) of section 245 of the Penal Code. It was alleged that both had used a firearm in the commission of both offenses, within the meaning of section 12022.5 of the Penal Code. After a trial by jury, defendant was found guilty on both counts, the murder being found to have been in the second degree. The allegations of use were found to be true. Probation was denied and defendant was sentenced to state prison, subject to the provisions of section 1202b of the Penal Code. He has appealed; we reverse.

As the result of an altercation and name calling at a drive-in, the appealing defendant, with three companions, drove twice past an area where some of the participants in that event were standing or sitting. On both occasions, shots were fired from the car. One shot hit Tasha Lucas, a seven-month-old child, killing her; the other hit and injured Portia Howard. At the trial, defendant denied having fired the shots or knowing that any of his companions were armed. Shortly after his arrest, defendant (after telling several inconsistent stories) ultimately confessed to having fired the shots.

When the People called a police officer, for the purpose of introducing the confession, counsel for appellant began, in front of the jury, a *voir dire* examination of the officer. In part, that examination was directed to the issue of *Miranda* warnings, in part it was designed to show that the confession was involuntary. After a few questions, the prosecutor objected and the following proceedings took place:

"THE COURT: I am wondering where we're going on voir dire.

"MR. DEVITT [appellant's lawyer]: If Your Honor please, I think we can point out the matter of the free and voluntariness and the terms and conditions. I think I'm permitted to.

"THE COURT: Well, come to the bench with the reporter. (The following proceedings were had at the bench:)

"THE COURT: It is my understanding that the question of free and voluntariness is not done in the presence of the jury.

"MR. DEVITT: I think, Your Honor, there is the option of the voir dire under the circumstances. I did not intend this to be —

"THE COURT: I think that's cross-examination. Voir dire is limited to a specific purpose.

"MR. DEVITT: Well, may it please the Court, I think the question of free and voluntariness might go to the matter of physical comfort. Those things would definitely rest on it. In other words, if there was a question that these things were given under duress or hunger or fatigue, I think these matters do go into freeness and voluntariness.

"THE COURT: I've never seen it done before this way.

"MR. HOLMES [deputy district attorney]: I agree with the Court. Probably I should have objected when Mr. Devitt started to take the officer on voir dire. I assumed that he intended to go into the Miranda admonition or something, but even that is, I believe, purely a question of law to be determined by the Court outside the presence of the jury.

"THE COURT: That is my understanding.

"MR. DEVITT: Further, I think there is one other question—Let me indicate probably the further course I was intending to take, Your Honor.

"I think I was intending to take the matter of the understanding, in other words, whether this man did understand—this goes into the free and voluntariness.

"THE COURT: But isn't that to be done outside the presence of the jury?

"MR. HOLMES: That is my understanding.

"MR. GANGLOFF [lawyer for codefendant Sherman]: I think he has a right to have it out in the hearing of the jury. If he waives it, it's permissible, I'd say. It's a preliminary fact.

"THE COURT: Preliminary facts are generally held outside the presence of the jury, aren't they?

"MR. HOLMES: Yes. I believe it's required by the Evidence Code.

"THE COURT: That is my understanding.

"MR. HOLMES: If it's a question of law, it's for the Court to make that determination out of the presence of the jury. It is not a matter of discretion.

"THE COURT: Are you bona fidely challenging the freeness and voluntariness of this, quote, statement or talk or conversation, as the case may be?

"MR. DEVITT: Yes, Your Honor.

"THE COURT: Well, how come you didn't raise that in a formal motion?

"MR. DEVITT: If Your Honor please, I think I am entitled, as far as this is concerned, the free and voluntariness—this is insofar as the matter of whether—

"THE COURT: I'm not going to let this jury hear all this garbage. I don't think it's relevant or material. You have a shot at cross-examination. If you have any legal objection, if you want an outside-the-presence of the jury hearing, that's fine, but we're not going to fill this transcript with the jury with this garbage."

I

■ Defendant claims that the trial court erred in not permitting him to go forward with his *voir dire* in the presence of the jury. We disagree. As the court said, in *People* v. *Rowe* (1972) 22 Cal.App.3d 1023 at page 1030 [99 Cal.Rptr. 816]: "While no request was made herein for an *in camera* session, it is a matter of common knowledge in the legal profession that in all instances where the defendant objects to the

admission of a confession that the court, whether requested or not, should conduct the hearing outside the presence of the jury, the painfully obvious reason being that in the event the hearing is held in the jury's presence and the court finds the confession to be involuntary, the court would undoubtedly be confronted with a motion for mistrial or a claim of prejudicial error on appeal. While there may be circumstances where a defendant would want his hearing in the presence of the jury, the best rule for the trial court to follow in general is that the hearing should be private."

The trial court is authorized, in its discretion, to require the *voir dire* to be conducted outside the presence of the jury.[1] Defendant has not shown that any prejudice to him could have resulted from following the trial court's order.

## II

■ After the proceedings above quoted, defense counsel asked a few more questions on the *Miranda* issue. The officer was then permitted to testify to the defendant's confession. The objection earlier stated by defense counsel was not repeated and no express ruling by the trial court on the issue of voluntariness appears in the record. Defendant now claims that there was error in the omission by the trial court expressly to rule on that issue. We agree.

(a) The People contend here that no ruling was required in the absence of a renewed objection. We do not agree. It is clear from the proceedings above-quoted that the trial court was alerted to the intention and desire of defense counsel to raise the issue of voluntariness. Only a short time had intervened before the officer began to recite the circumstances, and the content of, the confession.[2] In *People* v. *Lindsey* (1972) 27 Cal.App.3d 622 [103 Cal.Rptr. 755], this court sustained a conviction under circumstances somewhat similar to those herein involved where the trial court, after a hearing in the presence of the jury,

---

[1]Subdivision (b) of section 402 of the Evidence Code provides as follows: "The court may hear and determine the question of the admissibility of evidence out of the presence or hearing of the jury; but in a criminal action, the court shall hear and determine the question of the admissibility of a confession or admission of the defendant out of the presence and hearing of the jury if any party so requests." But the fact that a trial court must hold an outside the jury hearing if requested by the defendant does not limit the power of a trial court, in the interest of justice, to direct such a hearing on its own motion.

[2]The intervening proceedings take up only two pages of the reporter's transcript.

made an express ruling that the confession was voluntary and stated its reasons for that ruling. Defendant here was entitled to the same express action.

### III

■ When defendant took the stand he was cross-examined about some inconsistencies between the effect of his in-court testimony and his confession. Although that point had not been stressed in direct examination, the People were entitled to cross-examine on the entire transaction, whether or not some details were omitted in the direct. We see no error.

The judgment is reversed.

Dunn, J., and Jefferson, J.,* concurred.

Respondent's petition for a hearing by the Supreme Court was denied November 12, 1975. Clark, J., was of the opinion that the petition should be granted.

---

*Retired Associate Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.