[Crim. No. 14467. First Dist., Div. Three. Apr. 7, 1976.]

In re CHARLES FREDERICK DUPPER on Habeas Corpus.

**COUNSEL**

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Edward P. O'Brien, Assistant Attorney General, William M. Baldwin, and W. Eric Collins, Deputy Attorneys General, for Appellant.

Ramon S. Lelli and Michael R. Dougherty, under appointments by the Court of Appeal, for Respondent.

**OPINION**

**BROWN (H. C.), J.**—The People appeal from the granting of respondent's petition for writ of habeas corpus. The issue is whether probation had been extended beyond the three-year limitation of Penal Code section 1203a.

Penal Code section 1203a provides that in misdemeanor cases where the maximum sentence provided by law does not exceed three years, the court "shall have power to suspend the imposing or the execution of the

sentence, and to make and enforce the terms of probation for a period *not to exceed three years.*" (Italics added.)

The writ of habeas corpus here under consideration was granted by the trial court on the ground that the municipal court had extended probation beyond the three years referred to in section 1203a. It is concluded that the trial court was correct.

The record discloses that respondent pleaded guilty in the municipal court to violation of Penal Code section 270 (failure to support a child). He was sentenced on January 4, 1972, to one year in the county jail with one day suspended.

The sentence was ordered modified on January 28, 1972, and on January 31, 1972, respondent was admitted to probation. Probation was revoked on June 14, 1973, reinstated on August 14, 1973, and revoked on June 18, 1974 (respondent not appearing, bench warrant issued). On August 13, 1974, respondent appeared and was sentenced to one year in the county jail, one day suspended, with credit for time served.

On August 30, 1974, a petition for writ of habeas corpus was filed in the superior court; respondent was released on his own recognizance. On September 17, 1974, the writ was denied and the matter remanded to the municipal court, respondent to remain free on his own recognizance pending review.

On September 24, 1974, respondent appeared with counsel, who indicated to the court that since being released respondent had obtained employment and had made payments to the welfare department. This new information was referred to a probation officer for review.

Respondent was next called to appear on October 22, 1974. At that proceeding the court commented as follows:

" . . . I understand from the Probation Officer's report that you have made your payments in September and October, that you are maintaining employment and otherwise performing satisfactorily. That is all I care about. I don't want your body in the County Jail. I just want the money paid, period. So I propose to give you *another stay of execution* on the sentence and hope that you keep up what you are doing *and then* if you perform I am going to put you *back* on probation. . . . So if you want

to wait for your attorney you may do so, but *that is my intention* and I will make that order unless you have some objection at this time.

" . . . . . . . . . [Respondent had no objection.]

"THE COURT: All right, I will give you a *stay of execution* to March 26 at noon unless that stay is sooner terminated. . . ." (Italics added.)

Appellant apparently again defaulted and on March 26, 1975, the matter was called for execution and sentencing; respondent was sentenced to one year in the county jail, one day suspended, with credit for time served.

Respondent then sought and obtained a writ of habeas corpus in the superior court. This appeal by the People followed.

On January 4, 1972, according to the minutes of the municipal court, the case was called for sentencing and respondent was sentenced to: "1 year Co. jail, consecutive, 1 day suspended." The Supreme Court in considering the effect of such action, explained: ■ "A court has no power to suspend part or all of a sentence except as an incident to granting probation (Pen. Code, §§ 1203, 1203.1, 1203a); therefore, when a court after pronouncing judgment and sentence of imprisonment orders part or all of the sentence to be suspended, such order is deemed to be an 'informal' but effective grant of probation. (*Oster* v. *Municipal Court* (1955) 45 Cal.2d 134, 139 . . ., and cases there cited). It follows as a matter of law that in the case at bench the municipal court must be held to have imposed sentence on defendant, then summarily granted him probation and as a condition thereof ordered him confined in the county jail . . . ." (Fn. omitted.) (*People* v. *Victor* (1965) 62 Cal.2d 280, 287 [42 Cal.Rptr. 199, 398 P.2d 391].)

Thus, on January 4, 1972, respondent's period of probation commenced with confinement in jail as a condition of probation.* Under 1203a, that probationary period could not extend beyond January 4,

---

*We consider it highly preferable for the sentencing judge to impose an unambiguous sentence rather than one requiring interpretation. A sentence of imprisonment is actually a denial of probation. The suspension of one day indicates that the sentence is 364 days rather than 365. Here the court should have granted probation upon condition that defendant serve one year in the county jail if that was its intention. The court would then retain jurisdiction to modify the terms of probation depending on the circumstances relating to the individual.

1975, and it would naturally follow that on March 26, 1975, the municipal court would no longer have jurisdiction to act.

The Attorney General, however, argues that the period from October 22, 1974, until March 26, 1975, cannot be counted in the three-year maximum of 1203a because the court had stayed the execution of sentence. The municipal court, however, could not *stay* a sentence that had already been *suspended.* The record reveals that respondent had constantly been on probation; the revocation of probation on June 14, 1974, having been followed by another commitment to county jail "one day suspended." Therefore, respondent's sentence was still in a state of suspension on October 22, 1974; he was then on probation with confinement in jail as a condition of probation. When the municipal court on that date stated that it proposed to give respondent "another stay of execution," it follows that he was, in effect, modifying the terms of probation, this time from a condition of confinement to a condition of nonconfinement.

Furthermore, as the trial court noted in granting the writ of habeas corpus, the conditions imposed upon respondent's freedom were consistent with probation rather than with a stay of sentence. Respondent was to continue support payments and to appear on March 26, 1975, not for execution of sentence, but to see if he had complied with the conditions of the "stay."

Appellant argues that respondent is estopped from relying on section 1203a because he accepted the "stay" beyond the three-year limitation and did not seek mandamus to require the court to execute the sentence. The rule of estoppel as it relates to probationary cases was articulated in *In re Griffin* (1967) 67 Cal.2d 343, 347-348 [62 Cal.Rptr. 1, 431 P.2d 625]: "When . . . the court has jurisdiction of the subject, a party who seeks or consents to action beyond the court's power as defined by statute or decisional rule may be estopped to complain of the ensuing action in excess of jurisdiction. [Citations.] Whether he shall be estopped depends on the importance of the irregularity not only to the parties but to the functioning of the courts and in some instances on other considerations of public policy. A litigant who has stipulated to a procedure in excess of jurisdiction may be estopped to question it when 'To hold otherwise would permit the parties to trifle with the courts.' [Citation.] On the other hand waiver of procedural requirements may not be permitted when the allowance of a deviation would lead to confusion in the processing of other cases by other litigants. [Citation.]"

Under the above standard, it is concluded that estoppel should not be applied in the case at hand. Although respondent consented to a continuation of court control beyond the three-year period, he, unlike the defendant in *Griffin,* was apparently and understandably not aware of the consequence of his consent. He was not represented by counsel at the time he gave his consent and the choice was presented to him as a choice of waiting for his counsel rather than as a choice of freedom beyond the period of authorized probation.

The allowance of a deviation on the instant facts would, if anything, lead to confusion in processing other cases. More importantly, moreover, it would effectively abrogate Penal Code section 1203a limiting probation to the greater of the maximum term of imprisonment or three years.

Respondent was under the jurisdiction of the court for three years following his conviction for failure to support. If he has again been guilty of this offense, he must be charged and convicted again.

The order granting the writ of habeas corpus is affirmed.

Draper, P. J., and Good, J.,* concurred.

---

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.