[No. F005417. Fifth Dist. Jan. 8, 1987.]

THE PEOPLE, Plaintiff and Respondent, v.
JESUS TORREZ et al., Defendants and Appellants.

[No. F005451. Fifth Dist. Jan. 8, 1987.]

THE PEOPLE, Plaintiff and Respondent, v.
FRANCISCO ZARAGOZA, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

---

*\*Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of parts I, II, III, IV, VIB and VII.

**COUNSEL**

Michael Thomas Woolford, Alan M. Caplan, Frank O. Bell, Jr., State Public Defender, under appointments by the Court of Appeal, and Antonia D. Radillo, Deputy State Public Defender, for Defendants and Appellants.

John K. Van de Kamp, Attorney General, Joel Carey and Karen Ziskind, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

MARTIN, Acting P. J.—On October 18, 1984, an information was filed in the Madera County Superior Court against appellants[1] Francisco Zaragoza, Jesus Torrez and Manuel Ruiz. All appellants were charged with kidnapping in violation of Penal Code[2] section 207, subdivision (a) with sections 12022, subdivision (a), 12022.5, 12022.7 and 12022.3 allegations (count one), attempted murder in violation of sections 664 and 187 with sections 12022, subdivision (a), 12022.5, 12022.7 and 12022.3 allegations (count two), assault with a deadly weapon in violation of section 245, subdivision (a) with sections 12022.5, 12022.7 and 12022.3 allegations (count three) and a separate count of assault with a deadly weapon with sections 12022.5 and 12022.3 allegations (count four).

All three appellants pleaded not guilty as to all counts and denied the special allegations.

On January 28, 1985, the district attorney's motion to dismiss count two and all section 12022.3 allegations was granted. A jury trial commenced the same date. The jury found each appellant guilty as charged of counts one, three and four. With regard to appellant Zaragoza, the jury found all of the enhancement allegations under all three counts to be true. With regard to appellants Torrez and Ruiz, the jury found only the section 12022, subdivision (a) allegation under count one to be true. The jury failed to return any findings on the remaining special allegations under any of the three counts.

On March 5, 1985, the court sentenced appellants as follows:

Zaragoza received the upper term of seven years for kidnapping under count one, plus an additional three years consecutive term of the section 12022.7 enhancement (the other two enhancements were stayed); on count three, Zaragoza received the aggravated term of four years, plus a three-year consecutive term for the section 12022.7 enhancement and a two-year consecutive term for the section 12022.5 enhancement. The entire sentence under count three was stayed pursuant to section 654. On count four, Zaragoza received a consecutive term of one year (one-third of the midterm), plus eight months (one-third of two years) for the section 12022.5 enhancement, for a total aggregate term of eleven years, eight months.

---

[1]Augustine Torrez was also charged in this information; however, his appeal was dismissed by this court on October 1, 1985, pursuant to rule 17(a) of the California Rules of Court (hereinafter Rule(s)).

[2]All statutory references are to the Penal Code unless otherwise specified.

Torrez received the midterm of five years for the kidnapping, plus one additional year for the section 12022, subdivision (a) enhancement under count one. For count three, Torrez received the aggravated term of four years which was stayed pursuant to section 654. On count four, Torrez received a consecutive term of one year (one-third the midterm) for a total aggregate term of seven years.

Ruiz received the midterm of five years for the kidnapping, plus one additional year for the section 12022, subdivision (a) enhancement under count one. On count three, Ruiz received the aggravated term of four years which was stayed pursuant to section 654. On count four, Ruiz received a consecutive term of one year (one-third the midterm) for a total aggregate term of seven years.

Each appellant filed a timely notice of appeal.

FACTS

Maria had worked at the Solis bar in Chowchilla, California, for approximately two months. On September 20, 1984, she arrived at the bar between 7 and 8 p.m.

Jose Alejandres, the bartender on duty that night, testified that between 8 and 9 p.m., four Mexican males, which he identified as appellants and codefendant Augustine Torrez, entered the bar in an intoxicated condition. Appellants sat at the bar and drank beer. Maria drank beer and talked with the four men at various times throughout the evening.

Shortly after midnight, Maria left the bar to go home. However, as soon as she walked outside, appellants grabbed her and began pulling her and pushing her toward their car. Alejandres heard some screaming and went outside to investigate. Once outside, he saw Maria being pushed and pulled by the appellants. Augustine Torrez was also present but Alejandres never observed him touch the victim. Alejandres told the men to leave her alone but Zaragoza, at close range, pointed a shotgun at Alejandres's chest and ordered him to "get back." At the same time, Ruiz placed an object in Alejandres's rib area. Alejandres complied with the order to get back and went to the door of the bar and told Mrs. Solis, a co-owner of the bar, to call the police. Then, Alejandres observed appellant Zaragoza hit Maria with the shotgun. Apparently, when the gun struck Maria it discharged, wounding Maria in the arm and shattering a store window next to the bar. Maria struggled to get away but was forced into the car by the men. The car was then driven out of the parking lot and proceeded east on Avenue 19½ toward

Madera. Blood was found on the pavement where appellants' car had been parked.

Sometime thereafter, Maria was able to jump from the car and escape her assailants. She arrived at the home of Mr. and Mrs. Mosquedo, who found Maria standing outside their door, crying, dirty and covered with blood. They gave her some assistance and called an ambulance. Maria was taken to the hospital where she stayed for three days and received treatment for head and arm injuries. The Mosquedo home is located three to nine miles from the Solis bar.

At approximately 12:39 a.m., Sheriff's Deputy Roy Broomfield was dispatched to investigate a shooting at the Solis bar. In the parking lot, lying on the ground where appellants' vehicle had been parked, Deputy Broomfield found glass, a broken piece of the forestalk of a shotgun, some beer cans and a woman's black purse containing $20 to $30.

At 2:20 a.m., Officer Michael Jurkovich of the Madera Police Department observed a vehicle being driven erratically on Madera Avenue, and stopped the car due to a possible vehicle violation. When he made contact with the driver, the officer noticed there was blood all over the clothing of the four occupants as well as on the interior of the vehicle. He also noticed the vehicle and its occupants fit the description given in the dispatch he had received about one hour earlier concerning a white and brown vehicle with three Mexican males and a kidnapped female. The officer requested backup assistance and appellants, together with Augustine Torrez, were taken into custody. A shotgun with a bent barrel was found in the trunk of appellants' vehicle. It was found in two parts and later found to fit the part of the shotgun forestalk which was found at the Solis bar.

DEFENSE

None of the appellants testified.

Zaragoza's defense was that he had committed no crime and his was a case of mistaken identity.

Ruiz offered a defense of diminished capacity. It was stipulated he had a blood alcohol level of .24 at 3:45 a.m. on September 21, 1984. Evidence was presented suggesting Ruiz would have had to have a .32 blood alcohol level at midnight and that an individual who is a casual drinker would be comatose at this point, a social drinker would be comatose or semicomatose, and a heavy drinker would be functional, but grossly affected. However, it

was possible one could push or pull another person at that level of intoxication.

DISCUSSION

I.-IV.*

.   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

V.   JACKSON V. DENNO

Appellants Zaragoza, Ruiz and Torrez contend the trial court erred by failing to hold a hearing pursuant to *Jackson* v. *Denno* (1964) 378 U.S. 368 [12 L.Ed.2d 908, 84 S.Ct. 1774, 1 A.L.R. 3d 1205] regarding the voluntariness of the confessions *outside* the presence of the jury. Appellants assert the trial court had a sua sponte duty to hold an in camera hearing on the admissibility of the confessions, even in the absence of a request by either party.

The trial court conducted a foundational hearing to determine whether Detective Galvan's *Miranda*[3] advisements to Zaragoza, which were given in Spanish, were adequately conveyed. This hearing was conducted in the presence of the jury. The trial court ultimately concluded the *Miranda* warnings were inadequate. The trial court then explained to the jury the rationale of his ruling as follows: "Perhaps I should explain to the ladies and gentlemen of the jury it's the responsibility of the prosecution to show that a person accused of an offense clearly understands his constitutional rights. That's their burden. That's their responsibility.

"If they fail to make sure that the person accused of an offense clearly understands his constitutional rights, the subsequent interrogation, subsequent responses, are not admissible as evidence."

The prosecution then offered to stipulate that the advisements as to the coappellants were also defective.

Evidence Code section 402 provides: "(a)  When the existence of a preliminary fact is disputed, its existence or nonexistence shall be determined as provided in this article.

"(b)   The court may hear and determine the question of the admissibility

---

*See footnote on page 723, *ante.*
[3]*Miranda* v. *Arizona* (1966) 384 U.S. 436 [16 L. Ed. 2d 694, 86 S.Ct. 1602, 10 A.L.R.3d 974].

of evidence out of the presence or hearing of the jury; but in a criminal action, the court shall hear and determine the question of the admissibility of a confession or admission of the defendant out of the presence and hearing of the jury *if any party so requests.*

"(c)  A ruling on the admissibility of evidence implies whatever finding of fact is prerequisite thereto; a separate or formal finding is unnecessary unless required by statute." (Italics added.)

Evidence Code section 405 provides: "With respect to preliminary fact determinations not governed by Section 403 or 404:

"(a)  When the existence of a preliminary fact is disputed, the court shall indicate which party has the burden of producing evidence and the burden of proof on the issue as implied by the rule of law under which the question arises. The court shall determine the existence or nonexistence of the preliminary fact and shall admit or exclude the proffered evidence as required by the rule of law under which the question arises.

"(b)  *If a preliminary fact is also a fact in issue in the action:*

"(1)  *The jury shall not be informed of the court's determination as to the existence or nonexistence of the preliminary fact.*

"(2)  If the proffered evidence is admitted, the jury shall not be instructed to disregard the evidence if its determination of the fact differs from the court's determination of the preliminary fact." (Italics added.)

The Assembly Committee on Judiciary's comment to Evidence Code section 405 includes the example of whether a confession in a criminal case was free and voluntary as illustrative of a preliminary fact question that should be decided under Evidence Code section 405. (See Assem. Com. on Judiciary com., 29B West's Ann. Evid. Code (1966 ed.) § 405, pp. 277, 280-282.)

■    It is a deprivation of due process of law to base a conviction, in whole or in part, on a coerced confession, regardless of its truth, and even though there may be sufficient other evidence to support the conviction. (*Jackson v. Denno, supra,* 378 U.S. at p. 376 [12 L.Ed.2d at p. 915].) ■    In California, if a criminal defendant objects to the admissibility of evidence of a confession or admission on grounds such as involuntariness of the confession or admission, or violation of his *Miranda* rights, he necessarily disputes the existence of a preliminary fact to admissibility of the proffered evidence, that is, that the confession or admission was made voluntarily and not in viola-

tion of any constitutional right such as the privilege against self-incrimination. ■ If a defendant or the prosecutor *requests* an in camera hearing for the determination of the admissibility of evidence of a defendant's confession or admission, the defendant is entitled to such a hearing. (1 Jefferson, Cal. Evidence Benchbook (1982) § 23.2, p. 661.) ■ Here, the question is whether appellants' rights were violated when the hearing was held in the presence of the jury even though no party requested an in camera hearing. Evidence Code section 402, subdivision (b) does not require an in camera hearing on the admissibility of evidence of a defendant's confession or admission if neither party makes a request for such a hearing. In the absence of a party's request, Evidence Code section 402, subdivision (b) authorizes the trial judge to exercise discretion and hold such a hearing either in the presence and hearing of the jury or outside the jury's presence and hearing.

Evidence Code section 405, subdivision (b)(1), on the other hand, apparently mandates that the determination of the voluntariness of a confession be held outside the presence of the jury. The District Courts of Appeal have reached conflicting results on whether a hearing on the admissibility of evidence of a defendant's confession or admission must be held in camera in the absence of a party's request for such an in camera hearing.

In *People* v. *Rowe* (1972) 22 Cal.App.3d 1023 [99 Cal.Rptr. 816], the Fourth District Court of Appeal held on the basis of Evidence Code sections 402 and 405 that the trial court erred in failing to hold a hearing on the preliminary fact of voluntariness of a confession outside the presence of the jury even though the defendant did not request an in camera hearing. The *Rowe* court stated: "While no request was made herein for an *in camera* session, it is a matter of common knowledge in the legal profession that in all instances where the defendant objects to the admission of a confession that the court, whether requested or not, should conduct the hearing outside the presence of the jury, the painfully obvious reason being that in the event the hearing is held in the jury's presence and the court finds the confession to be involuntary, the court would undoubtedly be confronted with a motion for mistrial or a claim of prejudicial error on appeal. While there may be circumstances where a defendant would want his hearing in the presence of the jury, the best rule for the trial court to follow in general is that the hearing should be private." (*Id.* at p. 1030.)

This court, in *People* v. *Bennett* (1976) 58 Cal.App.3d 230 [129 Cal.Rptr. 679], was confronted with a situation in which the defendant, after making a timely objection to testimony regarding defendant's statements, was not granted a hearing on the *Miranda* question before his extrajudicial statements were admitted into evidence. We stated: "The timely *Miranda*

objection imposed on the trial court a procedural duty to determine the existence or nonexistence of the preliminary fact, i.e., appellant's waiver of his *Miranda* rights, *out of the presence of the jury.* (Evid. Code, §§ 310, 402, 405; *People* v. *Rowe* (1972) 22 Cal.App.3d 1023, 1030 . . . .)" (*Id.* at pp. 235-236, italics added.)

However, in *People* v. *Fowler* (1980) 109 Cal.App.3d 557 [167 Cal.Rptr. 235], the Third District Court of Appeal reached a contrary result. After a timely objection to the admissibility of the officer's testimony regarding defendant's statements on the ground that defendant was unable to understand the *Miranda* rights given to her, defendant's objection was overruled and the officer was permitted to testify to defendant's admission. The Third District Court of Appeal held the trial judge acted within his discretion, under Evidence Code section 402, subdivision (b) in determining the admissibility of evidence in the presence and hearing of the jury since defendant did not request an in camera hearing on her objection.

In *Cramer* v. *Shay* (1979) 94 Cal.App.3d 242 [156 Cal.Rptr. 303], involving proceedings pursuant to Welfare and Institutions Code section 6500.1, the Fourth District Court of Appeal, in an opinion authored by Presiding Justice Gardner, held that a *Jackson* v. *Denno* hearing must be held outside the presence of the jury only if the defendant so requests. (*Id.* at p. 246.)

The Second District Court of Appeal faced a situation in which the defendant sought to go forward with the hearing regarding the voluntariness of a confession in the presence of the jury. The trial court refused. On appeal, the defendant claimed the trial court erred in not permitting him to go forward with his voir dire in the presence of the jury. The Second District quoted *People* v. *Rowe* and held "[t]he trial court is authorized, in its discretion, to require the *voir dire* to be conducted outside the presence of the jury," relying on Evidence Code section 402, subdivision (b). (*People* v. *Blair* (1975) 51 Cal.App.3d 480, 485 [124 Cal.Rptr. 123].)

Bernard Jefferson states: "The procedural rule for determining admissibility of a defendant's confession or admission *out* of the presence and hearing of the jury is a salutary one, as it prevents the jury from hearing evidence that may be extremely prejudicial to a defendant. If evidence of the defendant's admission or confession is excluded, still, the jury will have heard testimony regarding the circumstances under which defendant is alleged to have made a confession or admission. Herein lies the potential for prejudice if the hearing on admissibility is conducted in the presence and hearing of the jury." (1 Jefferson, Cal. Evidence Benchbook, *op. cit. supra,* § 23.2, p. 663.)

In *Bennett,* whether the *Jackson* v. *Denno* hearing must take place outside the presence of the jury was not the issue before the court. In *Bennett,* a hearing did not occur at all. Moreover, the language of *Rowe* does not hold that Evidence Code sections 402 and 405 mandate a hearing outside the presence of the jury. Rather, *Rowe* stands for the proposition that in all but the most unusual situations, it would be an abuse of the trial court's discretion (which is vested in the trial court pursuant to Evid. Code, § 402, subd. (b)) to hold the hearing in the presence of the jury. *Jackson* v. *Denno* does not discuss whether the hearing should be held outside the presence of the jury.

In other words, the issue before this court may be more accurately stated as whether or not the trial court *abused its discretion* under Evidence Code section 402, subdivision (b) in holding the hearing in the presence of the jury. In view of the extended hearing regarding the adequacy of the *Miranda* advisement and the court's ruling, all in the presence of the jury, and the court's additional gratuitous remarks, we conclude the court abused its discretion under Evidence Code section 402, subdivision (b). Although the jury heard nothing of the substance of any statements made by appellants to Detective Galvan, the jury was put on notice that statements or responses to an interrogation were given, responses which the appellants were attempting to prevent the jury from considering.

The question remains whether the abuse of discretion requires reversal.

*Rowe* was reversed because the "improper admission in evidence of a confession to murder in the first degree is prejudicial per se." (*People* v. *Rowe, supra,* 22 Cal.App.3d at p. 1031.) In *Jackson* v. *Denno,* the United States Supreme Court, based on the facts before it, could not determine how the jury resolved the issue of the voluntariness of the confession and therefore concluded Jackson was entitled to an evidentiary hearing in the trial court on the voluntariness of his confession. (*Jackson* v. *Denno, supra,* 378 U.S. at p. 393 [12 L.Ed.2d at p. 925].) Only if after an evidentiary hearing it was determined the confession was involuntary was a new trial on guilt or innocence necessary. (*Id.* at p. 394 [12 L.Ed.2d at p. 926].)

In *Fowler,* the court concluded "[s]ince neither party requested an *in camera* hearing, the trial court was not required to order one *sua sponte,* and the possible constitutional error was not reached." (*People* v. *Fowler, supra,* 109 Cal.App.3d at p. 564.) In assuming arguendo error occurred, the court stated it would have no hesitation in finding any possible error to be harmless beyond a reasonable doubt, citing *Chapman.*[4] (*Id.* at p. 565.)

---

[4]*Chapman* v. *California* (1966) 386 U.S. 18, 23 [17 L.Ed.2d 705, 710, 87 S.Ct. 824, 24 A.L.R.3d 1065].)

■ In the instant case, it would further appear the trial court erred in failing to follow the mandate of Evidence Code section 405 (*infra*). However, in either instance, i.e., abuse of discretion under Evidence Code section 402, subdivision (b) or failure to adhere to the prohibition of Evidence Code section 405, no error of federal constitutional proportion is involved and we apply the *Watson* standard to determine whether reversal is required. (*People* v. *Watson* (1956) 46 Cal.2d 818 [299 P.2d 243].) Article VI, section 13, of the California Constitution (formerly art. VI, § 4½) provides as follows: "No judgment shall be set aside, or new trial granted, in any cause, on the ground of misdirection of the jury, or of the improper admission or rejection of evidence, or for any error as to any matter of pleading, or for any error as to any matter of procedure, unless, after an examination of the entire cause, including the evidence, the court shall be of the opinion that the error complained of has resulted in a miscarriage of justice."

As *Watson* explained: "Giving due consideration to the varying language heretofore employed in relating the constitutional amendment to the particular situations involved, it appears that the test generally applicable may be stated as follows: That a 'miscarriage of justice' should be declared only when the court, 'after an examination of the entire cause, including the evidence,' is of the 'opinion' that it is reasonably probable that a result more favorable to the appealing party would have been reached in the absence of the error." (*People* v. *Watson, supra,* 46 Cal.2d at p. 836.)

■ The evidence presented at the hearing in question focused entirely on the adequacy of the *Miranda* warnings. There was never any mention of the words "confession" or "admission," let alone the substance of any response by appellants to interrogation. At most, the jury was made aware that appellants spoke to an officer and the officer was unable to adequately translate the *Miranda* warnings. The evidence of guilt was uncontradicted and overwhelming. It was based on the testimony of two eyewitnesses and the physical evidence found at the scene of the crime and on appellants' person and in appellants' vehicle at the time they were arrested. It does not appear reasonably probable a different result would have occurred but for the error in question. (*Ibid.*)

### VI.   RUIZ'S SENTENCING

#### A.   STATEMENT OF REASONS FOR SENTENCING CHOICES

■ In sentencing Ruiz, the trial court solicited a waiver of the recitation of the statement of reasons for the sentencing choices. Ruiz and his counsel agreed. The sentencing court accepted the waiver relying on Rule 440(b). Ruiz contends the waiver was ineffective on the basis that Rule 440 conflicts

with Rule 443 (requiring a judge to give a statement of reasons). We need not reach this issue since the trial court failed to comply with Rule 440(b). Rule 440(b) provides as follows: "Whenever the *prosecuting attorney* and the defendant, by counsel and personally, have expressly stated that they agree or have no objection to a prison sentence of a specified length or to another specified disposition, the judge may recite their agreement or lack of objection as part of the record, and their agreement or lack of objection constitutes an adequate reason for imposition of the sentence or other disposition specified." (Italics added.)

Rule 440(b) on its face requires express personal agreement by the prosecuting attorney, defense counsel and defendant. This record discloses express agreement to the waiver by defense counsel and Ruiz but does not contain an express personal agreement by the prosecuting attorney. If there was an off-the-record agreement between the prosecutor, Ruiz and his attorney, the sentencing judge failed to recite such agreement or lack of objection as part of the record.

Nor does Rule 440(b) conflict with Rule 443 since Rule 440(b) does not dispense with a giving of a statement of reasons but in fact "constitutes an *adequate reason* for imposition of the sentence . . . ." (Rule 440(b), italics added.) Thus, due to the trial court's failure to state reasons for denying probation or sentencing the appellant to consecutive terms, the matter must be remanded for resentencing and a statement of reasons therefor. Of course, at the time of resentencing, the parties may waive a statement of reasons upon proper compliance with Rule 440(b).

Respondent contends Ruiz is estopped from asserting the impropriety of the sentence. "The question of whether to apply estoppel requires inquiry into the importance of the error on the parties and the courts examined in the light of relevant public policy considerations. (See *In re Dupper* (1976) 57 Cal.App.3d 118, 123 . . . .) Ordinarily, *absent strong policy considerations,* '[a] litigant who has stipulated to a procedure in excess of jurisdiction may be estopped to question it when "[t]o hold otherwise would permit the parties to trifle with the courts." [Citation.]' (*Id.* at p. 123.)" (*People* v. *Cree* (1981) 123 Cal.App.3d 1013, 1016 [177 Cal.Rptr. 54], italics added.)

In our view, strong policy considerations support requiring the sentencing court to obtain express agreement by the prosecutor as well as the defendant and defense counsel to an agreement regarding a prison sentence of a specified length which would relieve the sentencing court of its obligation to set forth its reasons for its sentencing choices. It is important that the record reflect that the interests of the People are protected and the interests of justice are served by any stipulation to a specified sentence or disposition.

Furthermore, Rule 440 generally involves a plea bargain in which the defendant usually receives an affirmative benefit, a bargained-for exchange. Where all are agreed about the disposition, enforcement of the statement of reasons requirement may not be necessary to protect the defendant's rights. In other cases, the defendant receives no such offsetting benefit. Where the trial court solicits the waiver, as here, the defendant or his counsel reasonably might infer, rightly or wrongly, that a negative response might come home to haunt the defendant when the trial court is "forced" to sentence him in accordance with the law. In other words, the solicitation of waiver practice could chill the exercise of the defendant's right to be sentenced as the Legislature and Judicial Council contemplated.

This court has held that a consecutive sentence is an enhancement and the dual use of any fact to both aggravate and enhance is prohibited. (*People v. Lawson* (1980) 107 Cal.App.3d 748, 756-757 [165 Cal.Rptr. 764]; *People v. Bejarano* (1981) 114 Cal.App.3d 693, 704-705 [173 Cal.Rptr. 71].) As the lower court did not expressly state any reasons for the denial of probation and the consecutive sentencing choices, the matter must be remanded for resentencing.

B.*

. . . . . . . . . . . . . . . . . . .

The judgments of conviction are affirmed as to each appellant. Appellant Torrez raises no issues in his appeal regarding the sentence imposed. The matter is remanded for resentencing as to appellants Ruiz and Zaragoza for the reasons stated herein.

Ballantyne, J., and Vartabedian, J.,† concurred.

The petitions of appellants Ruiz and Zaragoza for review by the Supreme Court were denied March 26, 1987.

---

*See footnote on page 723, *ante.*
†Assigned by the Chairperson of the Judicial Council.