Filed 8/21/20  P. v. Lopez CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(El Dorado)

----

| | |
|---|---|
| THE PEOPLE, | C089927 |
| Plaintiff and Respondent, | (Super. Ct. Nos. S17CRF0063, 17FE003837, 18FE007678) |
| v. | |
| BRANDON MICHAEL LOPEZ, | |
| Defendant and Appellant. | |

After finding defendant Brandon Michael Lopez guilty of first-degree residential burglary (Pen. Code, §§ 459, 460, subd. (a); unless otherwise stated, statutory section references that follow are found in the Penal Code), and finding true the special allegation that defendant suffered a prior prison commitment (§ 667.5), the trial court imposed a sentence of six years four months without imposing or striking the one-year enhancement for the prior prison term.  On appeal, defendant argues we must strike the

1

prior prison term allegation that was found true.  We agree.  In all other respects, we affirm the judgment.

FACTS AND PROCEDURAL HISTORY

The underlying facts of defendant's crime are irrelevant to the issues raised on appeal.  Simply put, after an April 2019 bench trial, the trial court found defendant guilty of first-degree residential burglary of a hostel in South Lake Tahoe.  The trial court also found true the allegation that defendant suffered a prior prison commitment for an offense under the Vehicle Code.

Because defendant was already serving a sentence imposed by the Sacramento Superior Court in January 2019, the trial court pronounced a single aggregate term of six years four months, consisting of:  a principal term of four years (the middle term) for the burglary; a consecutive 16-month subordinate term (one-third the middle term) for defendant's Sacramento County offense of infliction of corporal injury on a spouse (§ 273.5, subd. (a)) having previously suffered a section 273.5 conviction within seven years (§ 273.5, subd. (f)); and a consecutive a one-year term (one-third the middle term) for defendant's Sacramento County offense of battery causing serious injury (§ 243, subd. (d)).

The trial court did not impose the prior prison term enhancement contemplated by the version of section 667.5, subdivision (b) in effect at the time, which provided for an additional one-year term "for each prior separate prison term."

Defendant timely appealed.

While the appeal was pending, Senate Bill No. 136 (2019-2020 Reg. Sess.) became law, and "eliminate[d] the section 667.5 one-year prior prison term enhancement for all prior convictions, except sexually violent offenses."  (*People v. Bermudez* (2020) 45 Cal.App.5th 358, 378; see Stats. 2019, ch. 590, § 1.)

2

Defendant argues that we should apply *In re Estrada* (1965) 63 Cal.2d 740, 748 and strike the one-year prior prison term allegation, because Senate Bill No. 136 is ameliorative and applies retroactively to his case, which is not yet final on appeal. The People agree but contend the issue is "moot" because the trial court "did not impose the prior prison term enhancement at sentencing." The People maintain defendant "has effectively received the benefit of the change in the law made by Senate Bill No. 136." Defendant replies that because he "is potentially subject to an additional one year in state prison should the error not be corrected," we should strike the prior prison term enhancement that was alleged and that the court found to be true. We shall modify the judgment to strike the prior prison term finding.

We agree with the parties that Senate Bill No. 136 is ameliorative and applies retroactively to this case. Further, we agree with defendant it is preferable that there be a clear adjudication striking the now-unauthorized section 667.5 finding by the trial court. (*People v. Bermudez, supra*, 45 Cal.App.5th at p. 378 [striking the one-year prior prison term after agreeing with the parties that "because defendant's sentence is not yet final, and because his prior offense (possessing a prohibited weapon) was not a sexually violent offense, he is entitled to the ameliorative benefit" of Senate Bill No. 136]; cf. *In re Dupper* (1976) 57 Cal.App.3d 118, 122, unnumbered footnote ["We consider it highly preferable for the sentencing judge to impose an unambiguous sentence rather than one requiring interpretation"].)

Accordingly, we modify the judgment to strike the prior prison term "true" finding.

DISPOSITION

We modify the judgment by striking the prior prison term "true" finding. The judgment is affirmed in all other respects.

                                                      _____

                                                      HULL, Acting P. J.

We concur:

_____

DUARTE, J.

_____

RENNER, J.