Filed 6/30/22  P. v. Scarbrough CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C093901 |
| v. | (Super. Ct. No. 20CF04444) |
| JOSHUA LEE SCARBROUGH, | |
| Defendant and Appellant. | |

After defendant Joshua Lee Scarbrough pleaded no contest to carrying a dirk or dagger, the trial court imposed an upper term sentence of three years.  On appeal, defendant argues (1) the trial court abused its discretion in imposing the upper term because it incorrectly concluded there were no factors in mitigation, and (2) we should remand the matter to permit the trial court to reconsider the upper term sentence in light

1

of Senate Bill No. 567 (2021-2022 Reg. Sess.), which recently amended section 1170, subdivision (b), making the middle term of imprisonment the presumptive sentence (§ 1170, subd. (b)(2); Stats. 2021, ch. 731, § 1, effective Jan. 1, 2022).

We conclude defendant's first contention is forfeited because he did not object at sentencing. As for his second contention, we will remand the matter to permit the trial court to reconsider the upper term sentence based on the retroactive change in the law. In addition, based on our review of the record, we will direct the trial court to orally pronounce sentence on defendant's misdemeanor conviction in this case.

BACKGROUND

One night in September 2020, a police officer conducted a traffic stop on a vehicle defendant was driving. After lying to the officer about his name and admitting that he did not have a driver's license, defendant later admitted his true name and claimed he provided a false name because he thought there was a warrant for his arrest. During a search, the officer found defendant had a knife, the possession of which defendant admitted he knew was unlawful. The officer also found over seven grams of a substance that appeared to be heroin, but which defendant said was " 'fake heroin' " that he intended to sell as real heroin.

The People charged defendant with carrying a dirk or dagger (Pen. Code, § 21310 -- count 1),[1] misdemeanor giving false information to a police officer (§ 148.9, subd. (a) -- count 2), and misdemeanor possession for distribution of an imitation controlled substance (Health & Saf. Code, § 109575 -- count 3). Defendant pleaded no contest to counts 1 and 2 and the trial court dismissed count 3.

In connection with the plea, defendant read, initialed, and signed a plea form. Among other things, he initialed the following paragraph of the plea form: "Harvey

---

[1] Undesignated statutory references are to the Penal Code.

2

Waiver:  I stipulate the sentencing judge may consider my prior criminal history and the entire factual background of the case, including any unfiled, dismissed or stricken charges or allegations or cases when granting probation, ordering restitution or imposing sentence."

A probation officer's presentencing report recommended imposition of the upper term of three years for count 1, explaining that defendant had numerous prior convictions as an adult.  Defendant had five prior felony convictions, including a prior felony conviction for carrying a dirk or dagger, and 16 misdemeanors.  The report also explained that defendant had served prior prison terms, was on post release community supervision (PRCS) and a grant of court probation when he committed the instant offenses, and that his prior performance on probation, parole, and PRCS had been unsatisfactory.

At a March 2021 sentencing hearing, the trial court told the parties it had read and considered the probation report, and its "intended ruling would be county prison, upper term . . . .  I'll certainly hear from counsel though."

Defendant's counsel said he understood the trial court's position given the history provided by the probation report.  Nevertheless, defense counsel asked the trial court to grant probation despite defendant's lengthy record.

The trial court denied probation.  Having reviewed the circumstances in aggravation set forth in California Rules of Court, rule 4.421, and the circumstances in mitigation set forth in California Rules of Court, rule 4.423, the trial court said the circumstances in aggravation outweighed the circumstances in mitigation, and the upper term was appropriate.  In aggravation, the trial court found that defendant's prior convictions as an adult were numerous and of an increasing serious nature, he served a prior prison term, he was on probation and PRCS at the time of the offense, and his prior performance on probation, parole and post release supervision was unsatisfactory.  The trial court found no factors in mitigation.  Accordingly, the trial court sentenced

defendant to county prison for the upper term of three years on count 1 and a concurrent six-month term on count 2, the misdemeanor conviction.

DISCUSSION

I

Defendant argues the trial court abused its discretion in imposing the upper term on count 1 because the sentence was based on an inaccurate conclusion that there were no factors in mitigation.[2] The People argue this claim is forfeited because defendant did not raise it at sentencing. We agree with the People.

"[T]he right to challenge a criminal sentence on appeal is not unrestricted. In order to encourage prompt detection and correction of error, and to reduce the number of unnecessary appellate claims, reviewing courts have required parties to raise certain issues at the time of sentencing. In such cases, lack of a timely and meaningful objection forfeits or waives the claim." (*People v. Scott* (1994) 9 Cal.4th 331, 351, italics omitted (*Scott*).)

The forfeiture doctrine applies to "claims involving the trial court's failure to properly make . . . its discretionary sentencing choices," including "cases in which the stated reasons allegedly do not apply to the particular case, and cases in which the court purportedly erred because it . . . misweighed the various factors." (*Scott, supra*, 9 Cal.4th at p. 353; accord *People v. Scott* (2015) 61 Cal.4th 363, 406.)

Here, defendant did not object when the trial court observed that there were no factors in mitigation. Accordingly, defendant's contention is forfeited on appeal.

---

[2] Defendant also asserts that his sentence is "out of alignment with the current trend of reduction of sentences for less serious offenses." If he intended this separate comment to be an independent argument for why the trial court abused its discretion, the argument is forfeited. (See *People v. Lombardo* (2020) 54 Cal.App.5th 553, 565, fn. 6 [declining to address argument "because it was not stated under a separate heading or subheading"]; *People v. McElroy* (2005) 126 Cal.App.4th 874, 884, fn. 3 [same].)

For the first time in his reply brief, defendant argues we should nevertheless consider his claim because (1) counsel could not have foreseen a future change in the law that might have benefited defendant, and (2) trial counsel should have objected at the sentencing hearing, and therefore counsel's failure to do so was ineffective assistance. But these arguments are forfeited too, as defendant did not raise them in his opening brief. (See *People v. Rangel* (2016) 62 Cal.4th 1192, 1218-1219; *People v. Duff* (2014) 58 Cal.4th 527, 550, fn. 9; *People v. Bona* (2017) 15 Cal.App.5th 511, 517.)

## II

Defendant next argues we must remand the matter to permit the trial court to reconsider the upper term sentence in light of recent statutory changes that apply to him retroactively. The People agree the new law applies to defendant's sentence, but they contend the sentence is consistent with the amended law because defendant agreed, when he pleaded no contest, that the trial court could consider his prior criminal history at sentencing. In the alternative, the People argue any error was harmless.

## A

Effective January 1, 2022, pursuant to Senate Bill No. 567, when a judgment of imprisonment is to be imposed and the statute specifies three possible terms, the trial court must impose a term not exceeding the middle term unless there are circumstances in aggravation of the crime that justify the imposition of a term exceeding the middle term and the facts underlying those aggravating circumstances (1) have been stipulated to by the defendant or (2) have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial or (3) relate to the defendant's prior convictions and are based on a certified record of conviction. (§ 1170, subds. (b)(1), (b)(2), (b)(3); Stats. 2021, ch. 731, Legis. Counsel's Digest.)

Under *In re Estrada* (1965) 63 Cal.2d 740, " ' "[a]n amendatory statute lessening punishment is presumed to apply in all cases not yet reduced to final judgment as of the amendatory statute's effective date" [citation], unless the enacting body "clearly signals

5

its intent to make the amendment prospective, by the inclusion of either an express saving clause or its equivalent." ' " (*People v. Lara* (2019) 6 Cal.5th 1128, 1134.) A judgment of conviction is not final for the purpose of determining the retroactive application of a statutory amendment until the time for petitioning for a writ of certiorari in the United States Supreme Court has passed. (*People v. Vieira* (2005) 35 Cal.4th 264, 305-306; *People v. Flores* (2022) 73 Cal.App.5th 1032, 1039.) Nothing in Senate Bill No. 567 suggests a legislative intent that its amendments apply prospectively only, and the parties correctly agree that defendant is entitled to the benefits of the legislative enactments in Senate Bill No. 567. (Stats. 2021, ch. 731, §§ 1-3; *Flores,* at p. 1039.)

B

The People argue defendant's upper term sentence is consistent with the amended law because defendant agreed, when he pleaded no contest, that the trial court could consider his prior criminal history at sentencing. But their argument is based on *People v. Munoz* (2007) 155 Cal.App.4th 160, which involved a defendant's relinquishment of his Sixth Amendment right to a jury trial and beyond a reasonable doubt finding on the facts used to aggravate his sentence. (*Id.* at p. 168 [finding no error under *Blakely v. Washington* (2004) 542 U.S. 296 [159 L.Ed.2d 453] and *Apprendi v. New Jersey* (2000) 530 U.S. 466 [147 L.Ed.2d 435]].) The People argue the application of amended section 1170 in this case raises the same issue as in *Munoz*, and should be resolved the same way because here, like in *Munoz*, defendant made a plea bargain with a *Harvey* waiver.

We are not persuaded that *Munoz* is on all fours with the instant case. The defendant in *Munoz* pleaded no contest with a *Harvey* waiver after the cases establishing the new law had been decided (i.e., *Apprendi* and *Blakely*). Here, however, defendant pleaded no contest with a *Harvey* waiver before the amendments to section 1170 were in effect.

6

In the alternative, the People argue harmless error.  Although some courts have discussed the application of a harmless error analysis in a challenge under Senate Bill No. 567 with differing results (cf. *People v. Flores* (2022) 75 Cal.App.5th 495, 500-501; *People v. Lopez* (2022) 78 Cal.App.5th 459, 467, fn. 11), because the trial court did not have the opportunity to consider the amendments to section 1170, we will remand the matter to permit the trial court to reconsider the upper term sentence based on the retroactive change in the law.

## III

Although defendant does not raise the issue,[3] we observe that the appellate record does not reflect oral pronouncement of the sentence for defendant's misdemeanor conviction, rendering the sentence (reflected in a minute order) unauthorized.  (See *People v. Price* (1986) 184 Cal.App.3d 1405, 1411, fn. 6 ["The failure to pronounce sentence on a count is an unauthorized sentence and subject to correction on remand"].)

Accordingly, we will direct the trial court to orally pronounce sentence on the misdemeanor conviction.  (Cf. *People v. Rivera* (2015) 233 Cal.App.4th 1085, 1093 [the Court of Appeal has jurisdiction over all appealable orders in felony cases, including orders regarding misdemeanors charged in conjunction with felonies]; *In re Dupper* (1976) 57 Cal.App.3d 118, 122, unnumbered fn. ["We consider it highly preferable for the sentencing judge to impose an unambiguous sentence rather than one requiring interpretation"].)

## DISPOSITION

Defendant's convictions are affirmed.  The matter is remanded for resentencing with directions that the trial court reconsider the upper term sentence in a manner

---

[3] Because the law appears clear, we address the issue without further briefing in the interest of judicial economy.  Any party aggrieved may petition for rehearing.  (Gov. Code, § 68081.)

consistent with section 1170, and orally pronounce sentence on the misdemeanor conviction.

/S/

MAURO, Acting P. J.

I concur:

/S/

DUARTE, J.

EARL, J., Dissenting.

I disagree with the decision to remand in light of Senate Bill No. 567 (2021-2022 Reg. Sess.); I would conclude that any error in this case was harmless pursuant to *People v. Watson* (1956) 46 Cal.2d 818 (*Watson*).

Here, the trial court based its selection of the upper term sentence on the circumstance that defendant: had prior convictions which, as described in a presentencing report prepared by the probation department, were numerous and of an increasing serious nature; had served a prior prison term; was on probation and postrelease community supervision at the time of the offense; and had performed poorly on probation, parole and postrelease community supervision (Cal. Rules of Court, rule 4.421(b)(2), (3), (4), & (5)). The court also noted that "There are no factors in mitigation."

Reviewing courts subject most trial court errors to harmless error review, either under the standard described in *Chapman v. California* (1967) 386 U.S. 18, or the standard described in *Watson, supra*, 46 Cal.2d 818. (*People v. Gonzalez* (2018) 5 Cal.5th 186, 195-196; but see *id.* at p. 196 [errors that are structural in nature are not subject to harmless error analysis].) The *Chapman* standard covers errors involving "violations of the federal Constitution" and "requires reversal unless the error is harmless 'beyond a reasonable doubt.' [Citation.]" (*Gonzalez*, at pp. 195-196.) The *Watson* standard, in turn, covers errors involving violations of state law and requires reversal if "it is ' "reasonably probable that a result more favorable to the appealing party would have been reached in the absence of the error." ' [Citations.]" (*Id.* at p. 195.) I find both these standards relevant in reviewing the trial court's error here.

I would not find that the trial court's reliance on the described aggravating circumstances violated the federal Constitution, as the aggravating circumstances all related to defendant's prior convictions, which case law has determined need not be submitted to a jury and can be established by information obtained from defendant's criminal history record. In the Supreme Court's decision in *Cunningham v. California*

1

(2007) 549 U.S. 270, the court explained, "any fact [other than a prior conviction] that exposes a defendant to a greater potential sentence must be found by a jury, not a judge, and established beyond a reasonable doubt, not merely by a preponderance of the evidence." (*Id.* at pp. 281.) However, under *People v. Black* (2007) 41 Cal.4th 799, the California Supreme Court held that the exception recognized in *Apprendi v. New Jersey* (2000) 530 U. S. 466 for prior convictions extends to the fact of a defendant's prior prison term and the number and seriousness of them. "Under *Cunningham*, aggravating circumstances based on a defendant's criminal history that render the defendant eligible for the upper term include a trial court's finding that the defendant suffered a prior conviction (*Black, supra*, 41 Cal.4th at pp. 818-820); that the defendant suffered prior convictions that are numerous or increasingly serious (*ibid.*); that the defendant was on probation or parole at the time the offense was committed (*People v. Towne* (2008) 44 Cal.4th 63, 80-81); and that the defendant performed unsatisfactorily while on probation or parole to the extent such unsatisfactory performance is established by the defendant's record of prior convictions (*id.* at p. 82)." (*People v. Scott* (2015) 61 Cal.4th 363, 405).

Here, the trial court relied upon factors in a statutorily impermissible manner as the factors were not admitted by defendant, proven through certified records of conviction, or found true beyond a reasonable doubt by a jury, as now required under the newly amended statute. Because the error is purely one of state law, I find the harmless error test in *Watson, supra*, 46 Cal.2d at p. 836 applies. (*People v. Epps* (2001) 25 Cal.4th 19, 29 (*Epps*).) The test is whether, " 'after an examination of the entire cause, including the evidence,' [the reviewing court] is of the 'opinion' that it is reasonably probable that a result more favorable to the appealing party would have been reached in the absence of the error." (*Watson*, at p. 836; see also Cal. Const., art. VI, § 13; *People v. Price* (1991) 1 Cal.4th 324, 492 ["When a trial court has given both proper and improper reasons for a sentence choice, a reviewing court will set aside the

2

sentence only if it is reasonably probable that the trial court would have chosen a lesser sentence had it known that some of its reasons were improper"].)

I find the analysis begins with whether there is a reasonable probability that the facts underlying the improperly determined aggravating circumstances would have been established in a statutorily permissible manner, most notably, found true beyond a reasonable doubt if submitted to a jury, or court in a court trial. (*Watson, supra*, 46 Cal.2d at p. 836; Pen. Code, § 1170, subd. (b)(2).)

Here, the court imposed the upper term of imprisonment based solely on defendant's recidivism. The error here was twofold: no certified records of conviction were introduced to prove the existence and number of prior convictions, and the other factors relating to a qualitative assessment of his recidivism (i.e., the frequency and seriousness of prior offenses; performance on probation or parole) were not submitted to a jury. As to the first error, I find there is a reasonable probability that defendant's prior convictions would be proven in a statutorily permissible manner, as the existence of these prior convictions is easily verifiable through certified records, and defendant failed to challenge their existence at the sentencing hearing, when he had every opportunity and incentive to do so in order to mitigate his sentence. (See *Epps, supra*, 25 Cal.4th at p. 29 [finding the denial of a statutory right to a jury trial on a prior conviction harmless where the only factual question for the jury was whether the prior convictions occurred, and defendant did not question this fact].)[4] For these same reasons, defendant's prior

---

[4] This is not a case in which the trial court was unaware of the full scope of discretion granted by the law (cf. *People v. Gutierrez* (2014) 58 Cal.4th 1354, 1387, 1390 [eliminating presumption in favor of life without parole for special circumstance murder committed by 16- or 17-year-old offender]), or where "defendant and his counsel have never enjoyed a full and fair opportunity to marshal and present the case supporting a favorable exercise of discretion" (*People v. Rodriguez* (1998) 17 Cal.4th 253, 258). Rather, defendant had the same opportunity to submit mitigating evidence and dispute

3

performance on probation and parole would be objectively proven through certified records of convictions even if submitted to a jury.  (Cal. Rules of Court, rule 4.421(b)(5).)  Thus, there is a reasonable probability that this factor would have been found true beyond a reasonable doubt by a jury.

Lastly, the probation report prepared for defendant's sentencing listed defendant's prior convictions and past violations of supervision.  Leading up to the current convictions, defendant has as many as eight prior misdemeanor convictions between 2005 and 2019, seven prior felony convictions during that same period, and numerous violations of probation, parole, and postrelease community supervision.  Based on this history, it would be reasonable to conclude the existence of a reasonability probability that a jury would have found true, beyond a reasonable doubt, that defendant's prior convictions were becoming more regular and serious over time.

Because all of the aggravating factors relied on by the trial court related to defendant's recidivism and could be easily proved to a jury beyond a reasonable doubt

---

aggravating evidence prior to Senate Bill No. 567.  (Compare former Pen. Code, § 1170, subd. (b), added by Stats. 2020, ch. 29, § 14, and amended by Stats. 2021, ch. 731, § 1.3, eff. Jan. 1, 2022, with Pen. Code, § 1170, subd. (b)(4).)  Likewise, trial courts apply their discretion to the same set of aggravating circumstances to decide whether to impose an upper term sentence, but the facts underlying those circumstances now may only be found in one of the permissible ways.  (Pen. Code, § 1170, subd. (b)(2)-(3); compare former Pen. Code, § 1170, subds. (a)(3) & (b), added by Stats. 2020, ch. 29, § 14, and amended by Stats. 2021, ch. 731, § 1.3, eff. Jan. 1, 2022 ["In sentencing the convicted person, the court shall apply the sentencing rules of the Judicial Council" and "select the term which, in the court's discretion, best serves the interests of justice"], with Pen. Code, § 1170, subds. (a)(3) & (b)(2) ["In sentencing the convicted person, the court shall apply the sentencing rules of the Judicial Council" and "may impose a sentence exceeding the middle term only when there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term, and the facts underlying those circumstances have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial"]; see also Cal. Rules of Court, rule 4.421 [unchanged after passage of Sen. Bill No. 567].)

(*Epps, supra*, 25 Cal.4th p. 29), I would conclude that there is not a reasonable probability that defendant would have received a more favorable sentence if the trial court had made the findings based on certified records.  Thus, to the extent that the aggravating factors were not stipulated to or proven by a certified record, I would find any error in taking them into consideration, harmless.  (See *People v. Flores* (2022) 75 Cal.App.5th 495, 500.)


                                                       _____/S/_____

                                                       EARL, J.